IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARIN SEALS | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 06-cv-5554 |
| vs. | : | |
| | : | |
| CITY OF LANCASTER, et al. | : | |
| Defendants | : | |

GOLDEN, J                                                                                                   MARCH 20, 2008

MEMORANDUM OPINION AND ORDER

Defendants City of Lancaster and Christopher Laser move for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). They argue: 1) plaintiff's claim for fourth amendment violations fail as a matter of law; 2) defendant Laser is entitled to qualified immunity; 3) plaintiff's claims against the City of Lancaster fail as a matter of law; 4) plaintiff's state law claims fail as a matter of law; and 5) plaintiff's claims for punitive damages fail as a matter of law.

After consideration of the defendants' motion for summary judgment and memorandum of law in support thereof, defendants' expert report, and plaintiff's response and memorandum of law in opposition, the motion will be granted in part, and denied in part.

**A. Plaintiff's Claim for a Fourth Amendment violation does not fail as a matter of law**

This case stems from a 2004 incident that occurred outside a bar, the Carribean Breeze, located in Lancaster County. Plaintiff arrived at the bar around 12:30am. She and her friends were denied admission because there was a fight occurring inside. They remained at the back door with the bouncer for a short period of time and were able to observe a group of women

inside the door yelling and screaming.  Plaintiff and her friends then decided to leave.

Police officers, including Officer Laser, arrived and were attempting to dispel the crowd in the parking lot.  Plaintiff was involved in an argument in the parking lot and Officer Laser specifically told plaintiff to get in her car and leave.  Moments later, plaintiff was again "exchanging words" with two women.

Laser contends plaintiff continued to yell and be disruptive after he told her to leave.  Therefore, he placed her under arrest for disorderly conduct.  He also contends that he held both her arms and walked her toward the police car, thereby removing her from the area before placing her in handcuffs.  He states, however, that plaintiff attempted to turn towards him, and as a result their feet got tangled causing him to lose his balance.  As he fell, he pulled the plaintiff with him landing on top of her.  She fell face first into the pavement and sustained a laceration on her forehead that required stitches.

Plaintiff disagrees with defendant's characterization of the events leading up to her injury.  She states she was complying with Laser's command to return to her car and was attempting to call her mother on her mobile phone when Laser came up behind her, grabbed both her arms, and placed her under arrest.  He then pushed her to the ground and fell on top of her, at which point her head injury occurred.  She contends she did not resist arrest, refuse to cooperate, or disobey Laser's directives.

 Summary judgment should be granted to the defendant if the record, including pleadings, depositions, affidavits, and answers to interrogatories demonstrates "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.

R. Civ. Proc. 56(c). At the summary judgment stage, a court must "consider only those facts alleged by [the plaintiff], taken in the light most favorable to [her]." Rivas v. City of Passiac, 365 F.3d 188, 199 (3d Cir. 2004). The question is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. See also Sommer v. The Vanguard Group, 461 F.3d 397, 403-04 (3d Cir. 2006). In a Fourth Amendment excessive force case, "the question is whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989).

What is reasonable will depend entirely on the facts of the case. There is no question that plaintiff and defendant have divergent views on the events leading up to plaintiff's arrest and subsequent injury. This disagreement over the facts is precisely that which must be resolved by a jury. Only a resolution of the factual dispute by the jury will determine whether Officer Laser's actions were reasonable. See also Abraham v. Raso, 183 F.3d 279, 290 (3d Cir. 1999) (stating reasonableness under the Fourth Amendment should frequently remain a question for the jury). Therefore, the defendant has not demonstrated that there is no genuine issue of material fact and that the evidence establishes his entitlement to judgement as a matter of law. Fed. R. Civ. R. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Accordingly, Officer Laser's motion for summary judgment as it relates to the excessive force claim is denied.

**B. Officer Laser is not entitled to summary judgment based on qualified immunity**

Officer Laser also contends he is entitled to summary judgment on a theory of qualified

immunity. The Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001), held that a ruling on qualified immunity be undertaken using a two-step inquiry. First, a court must consider whether the facts alleged, taken in the light most favorable to the plaintiff[1], show that the officer's conduct violated a constitutional right. Id. at 201. The relevant inquiry is "the reasonableness of the officer's belief as to the appropriate level of force[,]" which "should be judged from [the officer's] on-scene perspective," and not in the "20/20 vision of hindsight." Id. at 205 (internal citations and quotation marks omitted). The reasonableness inquiry requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989). "[R]easonableness under the Fourth Amendment should frequently remain a question for the jury," Abraham v Raso, 183 F.3d 279, 290 (3d Cir. 1999); however, "'defendants can still win on summary judgment if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances.'" Id. (quoting Scott v. Henrich 39 F.3d 912, 915 (9th Cir. 1994).

      Plaintiff alleges she was complying with Officer Laser's instructions to walk toward the police cruiser and was not resisting arrest when he pushed her to the ground while holding both her arms behind her back. As a result, she was unable to protect herself from the fall and

---

[1] For the purposes of their motion for summary judgment, defendants assume the facts presented by plaintiff are true without admitting the same. The Court must also assume plaintiff's version of the events are true in deciding the motion.

"smacked" her head on the sidewalk, resulting in the laceration on her head. (Pl.'s Stmt of Facts at 3). He then put his knee on Plaintiff's back and handcuffed her. Id. Plaintiff's sister, friends and others who were present nearby became concerned with the amount of blood from her head wound, and consequently were focused on her. Id. at 4. As a result of Officer Laser's actions, the atmosphere which had begun to diffuse was again intensified. (Pl.'s Mem of Law at 12). These facts, if credited, would establish that Officer Laser's use of force was excessive in violation of the Fourth Amendment.

In reaching the conclusion that plaintiff has asserted facts that, if proven, would establish a violation of her constitutional rights, the Court assumes Officer Laser was not confronted with a dangerous situation involving a serious crime, armed criminals, or a prisoner actively resisting arrest or attempting to flee. Thus, construing the facts in the light most favorable to the plaintiff results in a finding that Officer Laser's use of force was excessive in violation of plaintiff's Fourth Amendment rights.

With respect to the second factor in a qualified immunity analysis under *Saucier*, the court must determine whether the right that was violated was clearly established, or, in other words, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202; see Bennett v. Murphy, 274 F.3d 133, 136-37 (3d Cir. 2002) ("If it would not have been clear to a reasonable officer *what the law required* under the facts alleged, he is entitled to qualified immunity.") The Court explained "this inquiry . . . must be undertaken in light of the specific context of the case, not as a broad general proposition," id. at 202, and emphasized that "even where reasonableness is part of the inquiry

5

for both the constitutional question and for qualified immunity, as it is in an excessive force case, the inquiries remain distinct." Curley v. Klem, 499 F.3d 199, 207 (3d Cir. 2007) (citing Saucier, 533 U.S. at 204-05). "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on a particular police conduct." Id.

Accepting the facts as alleged by the plaintiff, it would be clear to a reasonable officer confronted with the same situation that his conduct was unlawful. According to the plaintiff, she was compliant with Officer Laser's instructions, was not resisting arrest, and did not attempt to flee. She was not actively engaged in a physical confrontation and did not endanger the safety of Officer Laser or others. Furthermore, the crowd was dispersing and a tense situation was calming until Officer Laser pushed plaintiff to the ground causing the laceration on her forehead. It was at this point that plaintiff's friends and others became involved in the confrontation causing a heightened level of tension. Therefore, it is clear that Officer Laser should have known his conduct to be unlawful when he pushed a compliant prisoner to the ground without provocation from her, and knowing he was not threatened by others present. Accordingly, Officer Laser's motion for summary judgment based on an entitlement of qualified immunity is denied because he does not meet the two-step test required by the Supreme Court in *Saucier*.

### C. Summary judgment with regard to the Pennsylvania state law claims is granted as unopposed

Plaintiff alleges state law claims for assault and battery, and a depravation of due process secured to her by Article I, Sections I, VIII, IX, XIII, and XXVI of the Pennsylvania Constitution. (Cmpl. at 11). In their summary judgment motion, defendants claim plaintiff fails to sufficiently identify in her complaint what violations she has suffered pursuant to the Pennsylvania

Constitution. They also argue plaintiff's assault and battery claims should be dismissed because Officer Laser was permitted to use such force as justified pursuant to 18 Pa.C.S. § 508(a)(1).

Plaintiff failed to address this portion of defendants' motion for summary judgment in her response. Therefore, plaintiff's failure to mention these issues in her summary judgment response constitutes abandonment of those claims. See Hackett v. Cmty. Behavior Health, No. 03-6254, 2005 WL 1084621, at *6 (E.D. Pa. May 6, 2005) (failure to address claims waives opportunity to contest summary judgment on that ground); see also Ankele v. Hambrick, 286 F.Supp. 2d 485, 496 (E.D. Pa. 2003); (deeming plaintiff's malicious prosecution claim waived for failing to respond to defendant's argument in summary judgment motion). Accordingly, the Court need not address the merits of defendants' arguments and the motion for summary judgment is granted as unopposed with regard to plaintiff's state law claims.

### D. Punitive damages may be available against defendant Christopher Laser

Defendants argue that plaintiff is not entitled to punitive damages because Officer Laser's conduct was not willful, wanton or malicious. Based on the factual dispute over the events giving rise to plaintiff's injury, however, granting summary judgment with regard to plaintiff's claim of punitive damages would be premature.

Punitive damages are not awarded for compensation of injury; they are awarded for the dual purpose of punishing the wrongdoer and deterring future violations. In a § 1983 action, a jury may award punitive damages when a "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected right of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Thus, for a § 1983 plaintiff to qualify

for a punitive damages, a "defendant's conduct must be, at a minimum, reckless and callous" - it is not essential that defendants meet the higher standard of intentional or evil motive. Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1984).

If plaintiff's allegations were established at trial, she would be able to show Officer Laser's conduct to be recklessly or callously indifferent to her federally protected rights. Consequently, defendant's motion for summary judgment on the issue of punitive damages with regard to defendant Laser will be denied.

### E.  All claims against the City of Lancaster are dismissed

Plaintiff, in her Response to defendants motion for summary judgment, concedes all claims against the City of Lancaster including Count 2 of the Complaint (Section 1983 - Monell claims) and any claim for punitive damages.  Accordingly, these claims are dismissed and plaintiff may proceed solely against Defendant Christopher Laser.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARIN SEALS | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 06-cv-5554 |
| vs. | : | |
| | : | |
| CITY OF LANCASTER, et al. | : | |
| Defendants | : | |

ORDER

AND NOW, this 20th day of March, 2008, upon consideration of defendants' motion for summary judgment and memorandum of law in support thereof, defendants' expert opinion report, and plaintiff's response and memorandum of law in opposition, it is hereby ORDERED that the Motion (Document No. 16) is:

1. GRANTED as to all claims against the City of Lancaster;

2. GRANTED as to Count III against Christopher Laser; AND

3. DENIED as to Counts I, IV, and V against Christopher Laser.

BY THE COURT:

*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.